IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| SN COMMERCIAL, LLC, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> LYNN A. JENKINS, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER COURT'S RULING ON JENKINS' MOTION TO DISMISS COMPLAINT <br><br><br><br><br> Case No. 1:04-CV-171 TS |

This matter is before the Court on Defendant Lynn A. Jenkins' Motion to Reconsider Court's Ruling To [sic] Jenkins' Motion to Dismiss Complaint.[1]  Plaintiff opposes the Motion.[2]

---

[1] Docket No. 65.

[2] Docket No. 67.

## BACKGROUND

Defendant was originally named as a defendant in this case on December 8, 2004.[3]  After denying Defendant's original Motion to Dismiss,[4] the Court entered Default Judgment against him on November 17, 2005.[5]  After the entry of the Default Certificate,[6] but prior to the Default Judgment, Defendant had already made an appeal to the Tenth Circuit,[7] which was dismissed for lack of jurisdiction.[8]  Defendant then appealed to the Tenth Circuit again on December 9, 2005.[9]  The appeal was tolled[10] prior to the filing of Defendant's third appeal.[11]  Both of those appeals were dismissed upon Defendant's motion.

Defendant then made a second Motion to Dismiss Complaint[12] on August 17, 2006, nearly a year after Default Judgment was entered by the Court.  The Court denied the Motion on November 14, 2006.  Thereafter, the instant Motion to Reconsider Court's Ruling To [sic]

---

[3] Docket No. 1.

[4] Docket No. 24.

[5] Docket No. 45.

[6] Docket No. 31.

[7] Docket No. 36.

[8] Docket No. 43.

[9] Docket No. 49.

[10] Docket No. 52.

[11] Docket No. 55.

[12] Docket No. 61.

Jenkins' Motion to Dismiss the Complaint was filed on November 21, 2006. Plaintiff filed its opposition November 29, 2006.

## DISCUSSION

Although styled as a Motion to Reconsider, the Court construes Defendant's Motion as a Motion to Alter or Amend Judgment, brought pursuant to Fed. R. Civ. P. 59(e). "[R]egardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e) . . . . [P]ost-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) motions."[13]

Applicable case law makes clear that a motion to alter or amend judgment (or even a motion for reconsideration) is an inappropriate vehicle for advancing new arguments or facts which could have been raised in prior briefing.[14] The grounds upon which Defendant's Motion is based are that 1) "[t]he Court's ruling was in error" because he did respond to Plaintiff's Complaint, and 2) the Court lacks jurisdiction.

In support of his first argument, Defendant states that the Court lacked jurisdiction over a corporate party and previously dismissed Defendant's Third Party Complaint. Defendant attaches an Order Dismissing Amended Counterclaim and Denying Motion to Move Reference, which was filed in a 1997 case before Judge Kimball. This argument and document have no

---

[13] *Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703-04 (10th Cir. 1988) (internal citations omitted).

[14] *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir. 1994); *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993).

relevance whatsoever to the matter before the Court – whether the Court should reconsider its denial of Defendant's Motion to Dismiss a Complaint upon which Default Judgment had already been entered.

The second argument is likewise without merit. Defendant has previously argued that the Court lacks jurisdiction,[15] and that issue was before the Court when it made its November 14, 2006 ruling. The instant Motion is an inappropriate vehicle to re-argue points already considered by the Court.

The Court finds no grounds to alter or amend its judgment.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant Lynn A. Jenkins' Motion to Dismiss the Complaint (Docket No. 65) is DENIED.

SO ORDERED.

DATED  April 13, 2007.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge

---

[15] *See* Docket No. 63.